**Roger PELKEY, et al.**

v.

**CITY OF PRESQUE ISLE, et al.**

Supreme Judicial Court of Maine.

Argued Oct. 1, 1996.

Decided Nov. 21, 1996.

---

Allan Hanson (orally), Caribou, for Plaintiff.

Jonathan Sprague (orally), Stevens, Engels, Bishop & Sprague, Presque Isle, for Defendant.

Before WATHEN, C.J., ROBERTS, CLIFFORD, RUDMAN, and LIPEZ, JJ., and ARCHIBALD, A.R.J.

CLIFFORD, Justice.

Roger Pelkey and Robin Legassie (plaintiffs) appeal from the summary judgment entered in the Superior Court (Aroostook County, *Pierson, J.*) in favor of the City of Presque Isle. On appeal, the plaintiffs contend that the court erred by finding 25 M.R.S.A. § 2360 (1988) constitutional as applied in this case and by dismissing their claim for intentional infliction of emotional distress. We affirm the judgment.

The plaintiffs own the R & R Cash Market (R & R) located in Presque Isle. They allege that on April 13, 1991, Fire Chief James Krysiak and Deputy Fire Chief Peter Coffin searched the premises in violation of the Fourth and Fourteenth Amendments to the United States Constitution and, in doing so, caused damage. The plaintiffs filed suit seeking damages pursuant to 42 U.S.C. § 1983 (1994),[1] and for intentional infliction

---

**1.** 42 U.S.C. § 1983 (1994) provides in part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law,

of emotional distress.[2]

The City filed a motion for summary judgment and supporting affidavit on March 22, 1995 and, on May 16, 1995, a statement of material facts. The plaintiffs filed neither a memorandum in opposition to the City's motion nor a statement of material fact. The court entered a summary judgment in favor of the City on October 30, 1995, and this appeal followed.

Plaintiffs contend that the court erred in holding that 25 M.R.S.A. § 2360,[3] pursuant to which the search was conducted, was constitutional as applied in this case. They argue that the statute is overly broad and is not sufficiently tailored for use as the basis for a warrantless inspection and administrative search. They contend a warrant was required in this case and that the search without a warrant gives rise to plaintiff's suit pursuant to section 1983 and for intentional infliction of emotional distress. We disagree. The conduct of Krysiak and Coffin, even when viewed in a light most favorable to the plaintiffs, does not rise to the level necessary to constitute a violation of 42 U.S.C. § 1983, nor does the conduct support a claim of intentional infliction of emotional distress. Accordingly, it is unnecessary to address the constitutionality of 25 M.R.S.A. § 2360.

■ As city officials, Krysiak and Coffin are entitled to assert qualified immunity from a suit pursuant to section 1983. *See Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Laverne v. Corning*, 522 F.2d 1144 (2d Cir.1975) (municipal inspectors and fireman entitled to assert qualified immunity in section 1983 action). In *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), the United States Supreme Court held that

"government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." This approach centers on objective good faith. Objective good faith "involves a presumptive knowledge of and respect for 'basic, unquestioned constitutional rights.'" *Id.* at 815, 102 S.Ct. at 2737 (quoting *Wood v. Strickland*, 420 U.S. 308, 322, 95 S.Ct. 992, 1001, 43 L.Ed.2d 214 (1975)).

■ In *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987), the Court framed the issue as whether a reasonable official could have believed his conduct lawful "in light of clearly established law and the information the searching officers possessed." *Id.* at 641, 107 S.Ct. at 3040. No damages will be awarded in a section 1983 suit unless the officer knew or should reasonably have known that the action taken within the sphere of the officer's official responsibility would violate constitutional rights of the person affected, or if the action is taken with the malicious intention to cause a deprivation of constitutional rights or other injury. *See Hocker v. Woody*, 95 Wash.2d 822, 631 P.2d 372 (1981).

■ The officers here conducted the search pursuant to a state statute that authorizes fire inspectors, such as Chief Krysiak and Deputy Chief Coffin, to inspect buildings during reasonable hours for the limited purpose of detecting fire hazards. The inspection was in response to a citizen's complaint that R & R, an establishment that cooks food, did not have a fire extinguisher. Because the search was conducted pursuant to

---

2. The plaintiffs also sought damages pursuant to a prior version of 5 M.R.S.A. § 4682 (1996), but do not pursue this claim on appeal. We therefore decline to address that statute.

3. 25 M.R.S.A. § 2360 (1988) provides in part:
   **Authority to enter buildings; remedy of conditions; appeals.**
   The inspector of buildings, the fire inspector and the municipal officers of any city or town

suit in equity, or other proper proceeding for redress. . . .

may at all reasonable hours, for the purposes of examination, enter into and upon all buildings and premises within their jurisdiction. Whenever any of said officers shall find in any building or upon any premises combustible material, inflammable conditions or heating fixtures or apparatus so situated or constructed as to be dangerous to the safety or such buildings or premises, they shall order the same to be removed or remedied, and such order shall be forthwith complied with by the owner or occupant of said buildings or premises. . . .

a state statute and not with malicious intent to cause a deprivation of the plaintiffs constitutional rights, it cannot be said that the officers' conduct was unreasonable within the meaning of section 1983.

The plaintiffs further contention that the court erred in dismissing their claim for intentional infliction of emotional distress is without merit. To recover for intentional infliction of emotional distress the evidence must demonstrate that the defendant's conduct was so extreme and outrageous as to exceed "all bounds of decency" and must be regarded as "atrocious and utterly intolerable in a civilized society." *See Gray v. State,* 624 A.2d 479 (Me.1993). The alleged conduct of the defendants in this case falls short of that necessary to support the plaintiffs' claim.

The entry is:

Judgment affirmed.

All concurring.